IN RE ANATH P. BARNES.
ANATH P. BARNES, APPELLEE, V. STATE OF NEBRASKA,
APPELLANT.

FILED FEBRUARY 6, 1909.    No. 15,736.

Physicians. and Surgeons: LICENSES: CONSTITUTILNAL LAW. Chapter
97, laws 1905, providing for the examination and licensing of
persons engaged in the practice of veterinary medicine, and for-
bidding persons not so licensed from assuming the title of veter-
inary surgeon or the title of any degree conferred by veterinary
colleges, does not contravene any constitutional provision.

APPEAL from the district court for Cass county:
HARVEY D. TRAVIS, JUDGE. *Reversed.*

*J. J. Thomas, M. D. Carey,* and *C. A. Rawls,* for ap-
pellant.

*A. L. Tidd, contra.*

CALKINS, C.

Anath P. Barnes was charged with a violation of the
provisions of chapter 97, laws 1905, entitled "An act to
establish a state board of veterinary medicine; to regu-
late the practice of veterinary medicine, veterinary sur-
gery, veterinary dentistry, or any branch thereof, and to
provide for the appointment of examiners and secretaries
thereof; to protect the title of those engaged in the prac-
tice thereof, and to provide penalties for the violation
thereof." Being imprisoned under said charge, he sued
out of the district court for Cass county a writ of habeas
corpus, alleging the unconstitutionality of said act. The
district court sustained his contention, and from a judg-
ment ordering his discharge the state appeals.

The act in question provides for the examination of
persons desiring to practice veterinary medicine, surgery
or dentistry, and the issuance of a certificate or license to
such as shall pass a satisfactory examination in the sub-

jects a knowledge of which is generally required by reputable veterinary colleges. It forbids any person not so licensed to use the title of veterinary surgeon, or the title of any degree conferred by any recognized veterinary college, but specifically provides that nothing therein contained shall prevent any person not assuming such titles from practicing such profession. It is conceded that the legislature had the power under the constitution to provide for such examinations and to prohibit the practice of such profession by all persons not so licensed; but it is insisted that it may not prohibit the use of such titles and leave the unlicensed practitioners free to follow their calling; that the real injury is only done in practice, and not by the assumption of titles, and that, while the right to regulate the practice of veterinary medicine in the interest of the public generally is within the police power of the state, it only takes the public into consideration when it altogether excludes the incompetent person from the practice.

We think that, assuming the legislative power to prohibit veterinary practice by unlicensed persons, there can be no doubt of the inclusion therein of the lesser power of forbidding practitioners from making false representations concerning the character of the preparation made by them for the practice of their profession. We are aware that examinations are imperfect tests of learning, and that degrees afford no guaranty of mature judgment or the possession of practical common sense. We recognize the fact that it is in the school of experience that professional men begin the acquisition of real knowledge; yet the owner of domestic animals requiring the advice or aid of some one skilled in veterinary medicine may well take into account the fact that one practitioner has availed himself of the training afforded by a veterinary college and passed the examination prescribed by the state board, while another has failed to do so; and we think he may properly conclude that, other things being equal, it would be safer to commit the care of his live stock to the one who had

received the training which common experience demonstrates to be desirable, if not indispensable. For one who has had no training of the kind to assume a title which indicates that he is the graduate of a veterinary college, is a species of deceit, which, if practiced with a view of thereby obtaining business, amounts to an attempt to obtain money by false pretenses, which is not only reprehensible, but unlawful. The constitutional right to life, liberty and the pursuit of happiness is not infringed by statutes prohibiting deceit or fraud. The statute in question goes no further than to forbid practitioners of veterinary medicine from deceiving their clientele as to the nature of their preparation for that profession. It leaves the irregular practitioner free to follow his business, upon the sole condition that he uses no deception as to the character of his qualifications, and it does not interfere with the right of any person to employ such practitioner if he chooses to do so. It seems to us less objectionable than a statute unconditionally prohibiting the practice of veterinary medicine by any but persons regularly qualified, and it does not, in our opinion, infringe any right guaranteed by the constitution.

We therefore recommend that the judgment of the district court be reversed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

ROOT, J., not sitting.